## GRANT *v.* OWENS.

Decided October 24, 1891.

*Dram-shop—Gaming—Recovery of money lost.*

> Under the statute providing that any person who has lost money at gaming in a dram-shop may have an action against the bond of the keeper of the dram-shop for the recovery thereof (Mansf. Dig., sec. 4518), no recovery can be had on such a bond by one whose employee embezzled money from him and bet and lost it on his own account in the dram-shop.

APPEAL from *Phillips* Circuit Court.

MATTHEW T. SANDERS, Judge.

Action by H. P. Grant against F. M. Owens and two others, sureties upon a bond executed by Owens as keeper of a dram-shop. Demurrer to the complaint was sustained, and plaintiff has appealed. The allegations of the complaint are stated in the opinion.

*U. M. & G. B. Rose* and *Jas. P. Clarke* for appellant.

At common law the principal in the bond would be liable in an action of tort. The keeping of a gaming house is a

S C—4

nuisance *per se.* Wood on Nuisance, sec. 49. Anyone contributing to a nuisance is liable for all injurious consequences that may flow from it. *Ib.,* sec. 821 ; 41 Fed. Rep., 650. The plaintiff was absolutely bound for the money lost to the United States, and hence the case is no wise different from what it would have been if the money had belonged to him. 3 How., 578 ; 11 *id.,* 158 ; 4 Wall., 182 ; see 2 Keyes, 198 ; 25 Vt., 514 ; 8 Md., 337 ; 2 Cowp., 805 ; Mechem on Agency, sec. 779 ; Whart. on Ag., secs. 201, 412 ; 17 Mass., 560 ; Story, Ag., sec. 435 ; 71 Ga., 673 ; 5 Hun, 532. Appellant was the person who sustained the loss, and was the person "*aggrieved.*" The statute requires the bond to be conditioned that the principal will "pay to any person" the money lost, and provides that "*any person* aggrieved" may sue. The statute was for the benefit of the *injured party,* and to confine the remedy to the principal wrong-doer is unreasonable.

*Stephenson & Trieber* and *Quarles & Moore* for appellees.

The statute does not give the right to sue to any other person than the one who lost the money. Mansf. Dig., sec. 4518 ; Wait's Ac. and Def., vol. 7. p. 87 ; Cooley, Const. Lim., 55 ; *ib.,* 56 ; 7 N. Y., 9, 97 ; 44 Mich., 617 ; 70 Ill., 496 ; 72 *id.,* 540 ; 2 Keyes, 198 ; 39 Fed. Rep., 101.

HUGHES, J. On the 7th day of May, 1890, the appellant filed his complaint at law in the court below, in which he alleged that, on the 3d day of May, 1890, he was postmaster at Helena in this State, having for his assistant postmaster one W. B. Lindsey, who was duly qualified as such ; that, in the course of the discharge of his official duties, there came into the possession of Lindsey a large sum of money, of which he embezzled and converted to his own use the sum of $8000, which plaintiff was liable to pay over to the United States ; that the defendant Owens had been, from the 1st day of January, 1890, a keeper of a licensed saloon and dram-shop in Helena, and that, in connection with the keeping of the same, and in rooms connected therewith and under

his control, Owens set up and exhibited various gambling devices, to which numerous persons habitually resorted, with his knowledge, consent and procurement, for the purpose of gaming, and did then and there actually engage in gaming with his consent and procurement; that among these was said Lindsey, during the time that he was assistant post-master, as Owens well knew; and that Lindsey, at divers times between the 1st day of January and the 3d day of May, did, of the money coming to his possession as aforesaid, bet and lose the sum of $5000 on said gaming devices thus carried on by said Owens at his said rooms; that said Lindsey was wholly insolvent, and had absconded, and that the plaintiff had been compelled to account for the sum thus embezzled, including the sum bet and lost as aforesaid; that, at the time a license was issued to Owens to keep his dram-shop, as a condition thereof he executed a bond, in accordance with the statute in such cases made and provided, with the other two defendants as sureties, conditioned according to law, a copy of which was annexed as an exhibit to the complaint. Plaintiff prayed judgment against the defendant for the amount of the penalty of the bond, under section 4516, Mansf. Digest, and for the further sum of $3000 against the defendant, Owens.

The defendant filed separate general demurrers to the complaint, which were sustained by the court, and the plaintiff appealed.

Has the plaintiff stated a cause of action against the defendants? By section 4516 of Mansf. Digest it is provided that "each applicant for a dram-shop or drinking-saloon license * * * shall enter into bond to the State of Arkansas, in the penal sum of $2000, conditioned that such applicant will pay all damages that may be occasioned by reason of liquor sold at his house of business, and shall further pay to any person all such sums of money as may be lost at gaming in his said saloon or dram-shop," etc. Section 4518 provides that "any person aggrieved by the keeping of said dram-shop or drinking-saloon, or who may have lost

*Recovery of money lost at dram-shop.*

any money or other valuable thing at gaming in said dram-shop, * * * may have an action on said bond against the principal and securities for the recovery thereof."

If Lindsey, as the agent of the plaintiff, had bet and lost money at gaming, plaintiff could maintain his action. Mechem on Agency, sec. 779. But such was not this case. The plaintiff lost the money by the embezzlement of it by Lindsey, who bet and lost it at the gaming table on his own account, and not as the agent of the plaintiff. We have examined a number of cases deciding that a person who deposits money upon an illegal wager can recover it, and they seem to confine the right to the real depositor, and to hold that he alone can sue for the same and recover it. *Ruckman* v. *Pitcher*, 20 N. Y., 10; *Mead* v. *McGraw*, 19 Ohio St., 55 ; *Swaggerty* v. *Stokely*, 1 Swan, 38.

At common law money deposited upon an illegal wager could not be recovered by the loser when it had been paid over to the winner, for both parties were " *in pari delicto,*" and the law would aid neither. The right to recover in such a case exists only by statute, and the right to recover on the bond in this case depends wholly upon the statute.

The demurrer to the complaint was properly sustained.

The judgment is affirmed.